

NADINE M. MORTON, ESQ.
Nevada Bar No. 8583
**MORTON LAW, PLLC**
11700 West Charleston Boulevard
Suite 170-65
Las Vegas, NV 89135
(702) 710-3333 Telephone
(702) 435-9828 Facsimile
nadine@mortonlawnv.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KAMBRA COOPER, as Heir of, and Special Representative of the Estate of, SHELDON COOPER, deceased, and as Parent and Guardian of JOSEPH RIDER COOPER, a Minor Child, <br><br> Plaintiffs, <br><br> v. <br><br> SHOEI SAFETY HELMET CORPORATION, a Foreign Corporation; SHOEI COMPANY, LTD, A Japanese Corporation; DOES 1 through 20; ROE CORPORATIONS 1 through 20; DOE PARTNERSHIPS 1 through 20; ROE GOVERNMENT ENTITIES 1 through 20, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> **[Jury Demand]** |

COMES NOW KAMBRA COOPER, as Heir of, and Special Representative of the Estate of, SHELDON COOPER, deceased, and as Parent and Guardian of JOSEPH RIDER COOPER, a Minor Child, by and through her counsel of record, NADINE M. MORTON, ESQ. of MORTON LAW, PLLC, sets forth her Complaint as follows:

## I.

## PARTIES

1. At all times relevant herein, SHELDON COOPER, deceased, was a citizen of the State of Nevada.

2. At all times relevant herein, Plaintiff KAMBRA COOPER was and is a citizen of the State of Nevada.

3. At all times relevant herein, Defendant SHOEI SAFETY HELMET CORPORATION ("Defendant SSHC") was a foreign corporation, incorporated under the laws of the State of California, with its principal place of business in the State of California, and therefore was and is a citizen of the State of California.

4. At all times relevant herein, Defendant SHOEI COMPANY, LTD. ("Defendant SHOEI") was a Japanese corporation, incorporated under the laws of Japan, with its principal place of business in Japan, and therefore was and is a citizen of Japan.

5. Defendants DOES 1 through 20; ROE CORPORATIONS 1 through 20; DOE PARTNERSHIPS 1 through 20; ROE GOVERNMENT ENTITIES 1 through 20 (collectively, the "DOE AND ROE DEFENDANTS") are persons, corporations, partnerships, business entities, and/or governmental entities who acted in a negligent, wrongful or tortious manner and which proximately caused or contributed to injuries and damages sustained by Plaintiff. Plaintiff has been unable to ascertain the names and identities of the DOE AND ROE DEFENDANTS from the investigation that has been conducted to date. Accordingly, Plaintiff has sued the DOE AND ROE DEFENDANTS herein under fictitious names, pursuant to Rule 10(a) of the Nevada Rules of Civil Procedure and *Nuremberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (Nev. 1991). Plaintiff will move this Court for leave to substitute the true names, identities, capacities, acts and/or omissions of the DOE AND ROE DEFENDANTS when the same are ascertained. For purposes of this Complaint, the DOE AND ROE DEFENDANTS shall be referred to collectively, which shall also be construed to refer to each of them individually.

//

## II.

## **GENERAL ALLEGATIONS**

6. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 5 as though fully set forth herein.

7. At all times relevant herein, Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS were engaged in the business of designing, developing, manufacturing, distributing, retailing, marketing, advertising, and/or selling motorcycle equipment, including the Shoei motorcycle helmet.

8. At all times relevant herein, Defendant SHOEI and/or Defendant SSHC and the DOE AND ROE DEFENDANTS had substantial business and other contacts with the State of Nevada because, among other reasons, Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS sold, marketed, advertised, and/or distributed Shoei motorcycle helmets, including but not limited to the one worn by SHELDON COOPER, in Nevada and throughout the United States, and because Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS placed Shoei motorcycle helmets, including but not limited to the one worn by SHELDON COOPER, into the stream of commerce.

9. On or about December 29, 2015, SHELDON COOPER sustained catastrophic injuries, including severe traumatic head injury causing death, when the motorcycle he was operating collided with another vehicle at the intersection of North Jones Boulevard and Sheila Street, in Las Vegas, Clark County, Nevada (the "subject accident").

10. SHELDON COOPER was wearing a Shoei motorcycle helmet (the "Subject Motorcycle Helmet") at the time of the subject accident

11. At the time of the subject accident, while SHELDON COOPER was wearing the Subject Motorcycle Helmet in a manner which was intended by and reasonably foreseeable to Defendant SHOEI and/or Defendant SSHC and the DOE AND ROE DEFENDANTS, the Subject Motorcycle Helmet cracked, separated, fractured, and otherwise structurally failed, thereby directly causing SHELDON COOPER to suffer catastrophic injuries, including severe traumatic head injury, which caused his death.

12. Prior to the date of the subject accident, Defendant SHOEI and/or Defendant SSHC and the DOE AND ROE DEFENDANTS knew or should have known that the Subject Motorcycle Helmet was defective and was unsafe to consumers.

13. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS, and/or their respective agents, acted in a careless and negligent manner, in that Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS negligently designed, manufactured, assembled, supplied, tested, marketed, promoted, sold, and/or distributed the Subject Motorcycle Helmet and/or its parts, or otherwise negligently placed the Subject Motorcycle Helmet and its parts into the stream of commerce in a defective condition.

14. As a direct and proximate result of the subject accident and the negligence and carelessness of Defendant SHOEI and/or Defendant SSHC and the DOE AND ROE DEFENDANTS, SHELDON COOPER suffered severe and fatal injuries, incurred medical and funeral expenses, suffered mental and emotional distress, sustained past and future lost income and/or lost earning capacity, and suffered all other general and special damages as allowed by law, as will be proven at the time of trial.

**FIRST CAUSE OF ACTION**
**(Wrongful Death, Against All Defendants)**

15. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff KAMBRA COOPER is the Heir of, and Special Representative of the Estate of, SHELDON COOPER, deceased, and is the Parent and Guardian of JOSEPH RIDER COOPER, a Minor Child and the issue of SHELDON COOPER.

17. Defendant SHOEI and/or Defendant SSHC and the DOE AND ROE DEFENDANTS caused decedent SHELDON COOPER'S death by wrongful act(s) and/or by neglect.

//
//

18. Under Nevada Revised Statutes Section 41.085, Plaintiff KAMBRA COOPER may maintain an action for damages against Defendant SHOEI and/or Defendant SSHC and the DOE AND ROE DEFENDANTS, or, if any Defendant(s) are dissolved, insolvent, defunct, bankrupt, and/or have been succeeded, against any and all assets of the former entity, assets declared in bankruptcy, and/or assets of successor entity(s).

**SECOND CAUSE OF ACTION**
**(Breach Of Express Warranty, Against All Defendants)**

19. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 16 as though fully set forth herein.

20. SHELDON COOPER and Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS entered into a contract for the sale of goods.

21. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS made an affirmation, promise, or gave a description or sample which related to the goods, and that became part of the basis of the bargain.

22. The goods did not conform to the affirmation, promise, description, or sample.

23. This warranty was not excluded or modified by Nevada Revised Statutes Section 104.2316.

24. SHELDON COOPER, Plaintiff KAMBRA COOPER, and the Minor Child, JOSEPH RIDER COOPER, suffered damages as a result of the breach.

**THIRD CAUSE OF ACTION**
**(Breach Of Implied Warranty Of Merchantability,**
**NRS 104.2314, Against All Defendants)**

25. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 24 as though fully set forth herein.

26. SHELDON COOPER and Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS entered into a contract for the sale of goods.

27. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS are merchants with respect to goods of that kind.

28. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS tendered goods that were not fißt for ordinary use.

29. Therefore, under Nevada Revised Statutes Section 104.2314, Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS breached the implied warrant of merchantability.

30. This warranty was not eßxcluded or modified by Nevada Revised Statutes Section 104.2316.

31. SHELDON COOPER, deceased, Plaintiff KAMBRA COOPER, and the Minor Child, JOSEPH RIDER COOPER, suffered damages as a result of the breach.

**FOURTH CAUSE OF ACTION**
**(Breach Of Implied Warranty Of Fitness For A Particular Purpose,**
**NRS 104.2315, Against All Defendants)**

32. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 31 as though fully set forth herein.

33. SHELDON COOPER and Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS entered into a contract for the sale of goods.

34. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS had reason to know each particular purpose for which the goods were required by SHELDON COOPER.

35. SHELDON COOPER relied on the skill of Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS to select or furnish suitable goods.

36. The goods tendered by Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS were not fit for such purpose.

37. Therefore, under Nevada Revised Statutes Section 104.2315, Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS breached the implied warrant of fitness for a particular purpose.

38. This warranty was not excluded or modified by Nevada Revised Statutes Section 104.2316.

39. SHELDON COOPER, deceased, Plaintiff KAMBRA COOPER, and the Minor Child, JOSEPH RIDER COOPER, suffered damages as a result of the breach

**FIFTH CAUSE OF ACTION**
**(Breach Of Duty To Warn, Against All Defendants)**

40. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 39 as though fully set forth herein.

41. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS placed the subject motorcycle helmet into the stream of commerce and/or sold it in a defective and unreasonably dangerous condition, which posed an unreasonable risk of harm.

42. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS had a duty to warn SHELDON COOPER of the about the risks associated with the use of the subject motorcycle helmet.

43. Notwithstanding such knowledge, Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS failed to adequately warn SHELDON COOPER of the about the risks associated with the use of the subject motorcycle helmet.

44. As a direct and proximate result of this breach of duty by Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS to adequately warn SHELDON COOPER of the risks associated with the use of the subject motorcycle helmet, SHELDON COOPER, deceased, Plaintiff KAMBRA COOPER, and the Minor Child, JOSEPH RIDER COOPER, suffered damages.

**SIXTH CAUSE OF ACTION**
**(Negligent Misrepresentation, Against All Defendants)**

45. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 42 as though fully set forth herein.

//

//

46. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS in the course of an action in which each had a pecuniary interest, failed to exercise reasonable care or competence in obtaining or communicating information to SHELDON COOPER.

47. SHELDON COOPER reasonably relied on this information.

48. As a result of SHELDON COOPER's reasonable reliance on this information, SHELDON COOPER, deceased, Plaintiff KAMBRA COOPER, and the Minor Child, JOSEPH RIDER COOPER, suffered damages.

### SEVENTH CAUSE OF ACTION
### (Strict Products Liability, Against All Defendants)

49. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 48 as though fully set forth herein.

50. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS designed, manufactured, and/or placed upon the market a defective product.

51. Plaintiff's injuries and damages as alleged herein were caused by the defect in the product.

52. Such defected existed when the product left the hands of Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS.

### EIGHTH CAUSE OF ACTION
### (Negligent Infliction Of Emotional Distress, Against All Defendants)

53. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 50 as though fully set forth herein.

54. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS owed a duty of care to SHELDON COOPER.

55. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS breached that duty.

56. That breach of duty was the legal and proximate cause of SHELDON COOPER's injuries.

57. SHELDON COOPER suffered severe emotional distress prior to his death.

## NINTH CAUSE OF ACTION
### (Loss Of Consortium, Against All Defendants)

58. Plaintiff repeats and re-allege the allegations in Paragraphs 1 through 57 as though fully set forth herein.

59. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS owed a duty of care to SHELDON COOPER.

60. Defendant SHOEI and/or Defendant SSHC and/or the DOE AND ROE DEFENDANTS breached that duty.

61. As a legal and proximate result of that breach of duty, SHELDON COOPER, deceased, Plaintiff KAMBRA COOPER, and the Minor Child, JOSEPH RIDER COOPER, suffered damages as a result of the breach, and have been and will continue to be deprived of the love, companionship, comfort, care, assistance, protection, affection, society and moral support of SHELDON COOPER by reason of his injury and subsequent death.

62. As a legal and proximate result of that breach of duty, Plaintiff KAMBRA COOPER has been deprived of the loss of sexual relations with SHELDON COOPER by reason of his injury and subsequent death.

63. As a legal and proximate result of that breach of duty, Plaintiff KAMBRA COOPER has been deprived of the ability to have children with SHELDON COOPER by reason of his injury and subsequent death.

//
//
//
//
//



## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserving the right to amend the Complaint at the time of the trial of the action herein, to include all items of damages not yet ascertained, demand judgment against Defendants, and each of them, as follows:

1. For general damages in the amount of $1,000,000.00;
2. For special damages in the amount of $1,000,000.00;
3. For attorney's fees and costs of suit incurred herein;
4. For prejudgment interest at the statutory rate; and
5. For such other and further relief this Court may deem just and proper.

DATED this 28th day of December, 2017.

**MORTON LAW, PLLC**

*/s/ Nadine M. Morton*

NADINE M. MORTON, ESQ.
Nevada Bar No. 8583
11700 West Charleston Boulevard
Suite 170-65
Las Vegas, NV 89135
*Attorney for Plaintiff*
*Kambra Cooper*