# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Kambra Cooper, <br><br> Plaintiff <br><br> v. <br><br> Shoei Safety Helmet Corporation, et al., <br><br> Defendants | Case No.: 2:17-cv-03129-JAD-GWF <br><br> **Order granting defendant's motion to dismiss for lack of personal jurisdiction and granting plaintiff leave to amend the complaint** <br><br> [ECF No. 8] |

This is a wrongful-death, products-liability action stemming from a motorcycle accident that killed Plaintiff Kambra Cooper's son. Cooper alleges that the helmet her son wore during the accident was defective and contributed to his death, so she sues Shoei Company, Ltd. (Shoei), the Japanese corporation that manufactured the helmet, and Shoei Safety Helmet Corp. (SSHC), the California corporation that markets Shoei helmets in the United States. SSHC moves to dismiss the complaint for lack of personal jurisdiction,[1] arguing that it does not conduct any business in Nevada. Because Cooper has baldly asserted that SSHC markets Shoei helmets in this state—without alleging details regarding the form and frequency of SSHC's advertising—I cannot conclude that SSHC has sufficient minimum contacts with Nevada to justify exerting long-arm jurisdiction over it. So, I dismiss Cooper's claims against SSHC[2] but grant her leave to amend her complaint.

---

[1] Fed R. Civ. P. 12(b)(2).

[2] I previously granted Shoei's motion to quash service of process because Cooper failed to properly serve the Japanese corporation under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. ECF No. 21 (granting ECF No. 6 in part). I directed Cooper to properly serve Shoei, but she has not yet filed proof of service.

**Discussion**

The Fourteenth Amendment's Due Process Clause limits a court's power to bind a nonresident defendant to a judgment in the state in which it sits.[3] "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required," for a court to exercise personal jurisdiction, "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[4] "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."[5] Because Cooper concedes that SSHC is not subject to general jurisdiction in Nevada,[6] I apply only a specific-jurisdiction analysis.

Specific jurisdiction depends on an "activity or an occurrence that takes place in [or is purposely directed at] the forum State and is therefore subject to the State's regulation."[7] "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'"[8] Courts in the Ninth Circuit apply a three-prong test to determine whether specific jurisdiction over a defendant exists: (1) the defendant "must have performed some act or consummated some

---

[3] *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Because Nevada's long-arm statute grants courts jurisdiction over persons "on any basis not inconsistent with" the U.S. Constitution, Nev. Rev. Stat. § 14.065, the jurisdictional analyses under state law and federal due process are identical. *Walden*, 571 U.S. at 283.

[4] *Walden*, 571 U.S. at 283 (ellipses omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[5] *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

[6] ECF No. 12 at 2 n.1.

[7] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[8] *Id*. (internal citations and quotations omitted).

transaction with the forum by which it purposefully availed itself of the privilege of conducting business" in the forum state; (2) the plaintiff's claims "must arise out of or result from [those] forum-related activities; and (3) the exercise of jurisdiction must be reasonable."[9] The plaintiff bears the burden of satisfying the first two prongs.[10] In deciding whether a plaintiff has met her burden, I must accept as true the uncontroverted allegations in her complaint, but a plaintiff cannot rely on "bare allegations" alone.[11] I also may review affidavits or declarations submitted by either side.[12]

Turning to the first prong, the term "purposeful availment" describes two distinct analyses: purposeful availment and purposeful direction.[13] Both parties appear to apply a purposeful-direction analysis,[14] which consists of the "effects test" that the U.S. Supreme Court first articulated in *Calder v. Jones*.[15] But this test applies primarily to intentional torts, while purposeful availment is the appropriate analysis for negligence-based and products-liability tort claims.[16] Because Cooper's tort claims are premised on negligence (wrongful death, negligent

---

[9] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).
[10] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).
[11] *Id.* (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).
[12] *Id.*
[13] *Id.* at 802.
[14] ECF No. 12 at 4; ECF No. 16 at 4.
[15] *Calder v. Jones*, 465 U.S. 783 (1984); *see also Schwarzenegger*, 374 F.3d at 803.
[16] *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We decline to apply *Calder* because it is well established that the *Calder* test applies only to intentional torts, not to the breach of contract and negligence claims presented here."); *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (noting that the plurality opinion in *McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011), distinguished between products-liability cases and intentional torts).

3

misrepresentation, and negligent infliction of emotional distress) and products liability (strict liability and failure to warn),[17] I will apply a purposeful-availment analysis.

Cooper's conclusory complaint hinders this task, but she appears to advance two theories of purposeful availment: SSHC was involved in placing the (allegedly defective) Shoei helmet worn by her son "into the stream of commerce," and SSHC marketed these helmets in Nevada.[18] In line with the Supreme Court's plurality opinion in *Asahi Metal Industry Co. v. Superior Court*,[19] the Ninth Circuit has held that a defendant does not purposefully avail itself of the privilege of doing business in a forum state by merely placing products into the stream of commerce.[20] Rather, the plaintiff must point to "[a]dditional conduct" that "may indicate [the defendant's] intent or purpose to serve the market in the forum state . . . ."[21] I need not address whether Cooper has sufficiently alleged that SSHC engaged in such additional conduct because its president avers in his declaration that SSHC is not involved in the manufacturing, import, distribution, or sale of Shoei helmets.[22] Cooper does not refute this representation, and because SSHC did not place any helmets into a stream of commerce that might have ended up in Nevada, that theory of purposeful availment is inapplicable.[23]

---

[17] ECF No. 1 (complaint). Cooper also raises three breach-of-warranty contract claims, *id*. at 4–7, which also call for a purposeful-availment analysis. *Holland Am. Line*, 485 F.3d at 460.

[18] ECF No. 1 at 3 ¶ 8.

[19] *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102 (1987).

[20] *Holland Am. Line*, 485 F.3d at 459 (citing *Asahi*, 480 U.S. at 112).

[21] *Asahi*, 480 U.S. at 112; *see also Holland Am. Line.*, 485 F.3d at 459 ("*Asahi* requires 'something more' than the mere placement of a product into a stream of commerce . . . .").

[22] ECF No. 8-1 at ¶¶ 7–9, 23–27.

[23] *Holland Am. Line*, 485 F.3d at 459 ("Wärtsilä itself has not put *any* products into the stream of commerce that might have ended up in the forum, whether through a distributorship agreement or otherwise. That alone ends the inquiry.").

4

Cooper could also establish purposeful availment by demonstrating that SSHC "directly solicits business" in Nevada.[24] But she baldly alleges that SSHC markets Shoei helmets in this state without elaborating on what kind of advertising she has observed—e.g., radio, television, social media, trade shows—and how frequently she believes the advertising runs in Nevada markets. Conversely, SSHC's president attests that its "primary business purpose is the promotion of Shoei motorcycle helmets in the United States" but that it has never "transacted[] business in Nevada" and does not "solicit purchasers . . . in Nevada."[25] Cooper counters that "marketing" a product is a broader concept than directly soliciting purchasers, intimating that SSHC has carefully curated its words to sidestep her allegation. But even if SSHC has left open the possibility that it advertises helmets in Nevada in some form, Cooper has failed to allege any relevant details. Instead, she merely highlights (in a footnote) the "find a dealer" feature on the Shoei website, which reveals that several third-party retailers in Nevada sell Shoei products.[26] But it is unclear if SSHC operates this website,[27] and even if SSHC does, this type of "passive website" is insufficient for establishing purposeful availment.[28]

---

[24] *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986) ("[I]f the defendant directly solicits business in the forum state, the resulting transactions will probably constitute the deliberate transaction of business invoking the benefits of the forum state's laws.").

[25] ECF No. 8-1 at ¶¶ 5, 16–17.

[26] ECF No. 12 at 4 n.4 (citing https://www.shoei-helmets.com/find-a-dealer/).

[27] "Shoei Co., Ltd., a corporation organized under the laws of Japan" holds the website's copyright. https://www.shoei-helmets.com/terms-of-use.

[28] *See Holland Am. Line*, 485 F.3d at 460 (holding, in a products-liability suit involving marine-engine components, that the defendant company's "passive website" was insufficient for establishing personal jurisdiction because the website "does not provide any direct means for purchasing parts or requesting services; it simply provides information on the various products manufactured by the [defendant company] and redirects potential customers to the appropriate subsidiary").

Because Cooper has provided only bare allegations to support her theory that SSHC markets Shoei helmets in Nevada and because it is undisputed that SSHC has no physical presence in this state,[29] I dismiss her claims against SSHC without prejudice. Cooper may amend her complaint if she can provide specific allegations regarding SSHC's activities in Nevada.

## Conclusion

IT IS THEREFORE ORDERED that SSHC's motion to dismiss for lack of personal jurisdiction **[ECF No. 8] is GRANTED**. Cooper's **claims against Shoei Safety Helmet Corp. are dismissed without prejudice**, and she may file an **amended complaint within 20 days of this order if she can plead true facts to establish this court's jurisdiction over this defendant**.

Dated: October 29, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[29] ECF No. 8-1 at 3 ¶¶ 13–21.