UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAMBRA COOPER, as Heir of, and Special Representative of the Estate of, SHELDON COOPER, deceased, and as Parent and Guardian of JOSEPH RIDER COOPER, a Minor Child,<br><br>Plaintiff,<br><br>v.<br><br>SHOE SAFETY HELMET CORPORATION, a Foreign Corporation; SHOEI COMPANY, LTD, a Japanese Corporation; DOES 1 through 20; ROE CORPORATIONS 1 through 20; DOE PARTNERSHIPS 1 through 20; ROE GOVERNMENT ENTITIES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:17-CV-03129-JAD-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Compel Defendant's Fed. R. Civ. P. 26 Disclosures (ECF No. 36), Specially Appearing Defendant Shoei Company, LTD's ("Shoei") Opposition (ECF No. 37) to Plaintiff's Motion to Compel, and Plaintiff's Reply (ECF No. 40). Also pending is Shoei Company Ltd.'s Motion for Protective Order to Stay Discovery Pending the Court's Ruling on its Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 39) and Plaintiff's Statement of Non-Opposition to Defendant's Motion to Stay (ECF No. 41). The Court has considered all of these filings and finds as follows.

**I.      Background**

Defendant Shoei seeks to stay all discovery, including initial disclosures, because its Motion to Dismiss is based on jurisdictional grounds. Shoei contends that the Court lacks general and specific personal jurisdiction over the company because Shoei is a Japanese corporation with its principal place of business in Japan. Shoei further contends that it has "not 'purposefully availed' itself of the privilege of conducting activities within Nevada such that it has invoked the benefits

1

and protections of Nevada's laws . . ." ECF No. 30 at 1-2. Among other facts asserted by Shoei, it states that it directly sells nothing in and ships nothing to the U.S., but rather sells to distributors in Japan who then ship products to the U.S. *Id*. at 3.

In opposition to Shoei's Motion, Plaintiff states that "Defendant made "efforts . . . to directly or indirectly serve[] the market for its products in [Nevada]" and Defendant's "allegedly defective merchandise" has "been the source of injury to its owner [and] to others . . ." in Nevada. ECF No. 31 at 7. Plaintiff contends that Shoei delivers its helmets into Nevada's stream of commerce with the expectation that they will be purchased by Nevada residents. According to Plaintiff, Shoei does so through its owned and operated website www.shoei.com/worldwide, which takes individuals conducting a search for Shoei helmets to locations in Las Vegas, Nevada where they can be bought. *Id*. at 10-15.

Shoei responds that the "unauthenticated" web pages in Plaintiff's Opposition to the Motion to Dismiss do not establish personal jurisdiction. ECF No. 33 at 3-7. Specifically, Shoei relies on *Mavrix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) for the proposition that a passive website, with nothing more, does not establish purposeful direction of its conduct toward Nevada. ECF No. 33 at 5. Shoei also argues that Plaintiff fails to oppose Shoei's demonstration that it has made no attempt to purposefully avail itself of the benefits of the State of Nevada. *Id*. at 8.

**II.  Discussion**

Ordinarily, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a Court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must

take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

Here, of course, the parties stipulate to stay all discovery with the exception of Rule 26 disclosures, which Plaintiff seeks through her Motion to Compel. Plaintiff, however, does not seek these disclosures for purposes of opposing Shoei's Motion to Stay or Motion to Dismiss. In fact, Plaintiff's Non-Opposition to Defendant's Motion for Stay does not explain why she seeks Rule 26 disclosures except to explain that Shoei previously agreed to produce initial disclosures pursuant to Rule 26. Specifically, in Plaintiff's Reply in Support of her Motion to Compel, Plaintiff explains that Shoei was not entitled to effectively grant itself a stay of four months before filing its actual Motion to Stay. ECF No. 40 at 7. Nevertheless, in her non-opposition, Plaintiff agrees all discovery, other than initial disclosures, is appropriately stayed until the outcome of Shoei's Motion to Dismiss based on a lack of jurisdiction. ECF No. 41.

In the Court's Order, issued on September 20, 2019 (ECF No. 35), the Court reminded the parties that on July 5, 2018, the parties submitted a discovery plan and scheduling order that was granted and entered by the Court on July 16, 2018 (ECF No. 24). In that plan and the parties agreed that they "would exchange initial disclosures, and Plaintiff would provide a computation of damages, within 14 days after both of the following events . . . occurred: (a) the Court rule[d] . . . on Shoei Safety Helmet Corporation's Amended Motion to Dismiss; and (b) Shoei Company, Ltd. appear[ed] . . . in this action by filing . . . a responsive Motion . . . ." ECF No. 35 at 2. As of July 2018, both those events had occurred. As of the date of Plaintiff's Motion to Compel, neither party had complied with the Court's September 25, 2019 Order.

A preliminary peek at Shoei's Motion to Dismiss, the Opposition, and the Reply demonstrates that Shoei's Motion to Dismiss is potentially case dispositive. Moreover, it is undisputed that no discovery has been conducted in this matter and Plaintiff seeks no facts in order to oppose Shoei's dispositive motion based upon a lack of personal jurisdiction. Thus, the Motion

to Dismiss can be decided without discovery. As the court in *Tradebay* explains, in order for a stay of discovery to be appropriate "the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought [and] ... the court must determine whether the pending potentially dispositive motion can be decided without additional discovery." 278 F.R.D. at 602. The Court and the parties agree that this two part test has been met.

The only question that remains is whether there is some reason to require Shoei (and Plaintiff) to make initial disclosures (something previously agreed upon). "The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion. . . . Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants. …." *Id*. at 601 (citing *Little v. City of Seattle,* 863 F.2d, 681, 685 (9th Cir.1988)). *Tradebay* further confirms that "a Rule 12(b)(6) motion is to enable a Defendant to challenge the legal sufficiency of a complaint without subjecting itself to discovery." *Id*. at 602.

Applying the facts to the well settled law in this case demonstrate that there is no reason to compel Shoei to make its initial disclosure. There is also no reason to require Plaintiff to do the same or provide a calculation of damages. The dispositive motion, seeking dismissal based on a lack of personal jurisdiction, is a strong one. While this Court cannot and does not predict the outcome, the parties stipulation to stay all discovery except Rule 26 disclosures supports the conclusion that a stay of all discovery is appropriate.

**III.  Order**

Accordingly,

IT IS HEREBY ORDERED that, Plaintiff's Motion to Compel Defendant's FRCP 26(a) Disclosures (ECF No. 36) is DENIED without prejudice. If Shoei Company Ltd's Motion to Dismiss is not granted and initial disclosures are not timely made, Plaintiff may renew her motion to compel.

1    IT IS FURTHER ORDERED that Specially Appearing Defendant Shoei Company, Ltd.'s Motion for Protective Order to Stay Discovery Pending the Court's Ruling on its Motion to Dismiss for lack of Personal Jurisdiction (ECF No. 39) is GRANTED.

IT IS FURTHER ORDERED that if Shoei Company, Ltd.'s Motion to Dismiss is not granted, the parties shall exchange initial disclosures within 14 days of the Court's order denying dismissal.

DATED:  December 9, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE