# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Kambra Cooper, | Case No.: 2:17-cv-03129-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Shoei's Motion to Dismiss for Lack of Personal Jurisdiction** |
| Shoei Safety Helmet Corporation and Shoei Company, Ltd., | |
| Defendants | [ECF No. 30] |

This is a wrongful-death, products-liability action stemming from a motorcycle accident that killed Plaintiff Kambra Cooper's husband. Cooper alleges that the helmet her husband wore during the accident was defective and contributed to his death, so she sues Shoei Company, Ltd. (Shoei), the Japanese corporation that manufactured the helmet; and Shoei Safety Helmet Corp. (SSHC), the California corporation that markets Shoei helmets in the United States. I previously granted SSHC's motion for lack of personal jurisdiction. Shoei has since been served[1] and now moves to dismiss Cooper's complaint for lack of personal jurisdiction, arguing that it does not conduct business in Nevada.[2] But because Shoei inserted the helmet into the stream of commerce and its website demonstrates an intent to serve Nevada, Cooper has made a prima facie showing of personal jurisdiction. So I deny Shoei's motion.

---

[1] ECF No. 29
[2] ECF No. 30.

**Discussion**

The Fourteenth Amendment's Due Process Clause limits a court's power to bind a nonresident defendant to a judgment in the state in which it sits.[3] "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required," for a court to exercise personal jurisdiction, "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[4] "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."[5] Because Cooper concedes that Shoei is not subject to general jurisdiction in Nevada,[6] I apply only a specific-jurisdiction analysis.

Specific jurisdiction depends on an "activity or an occurrence that takes place in [or is purposely directed at] the forum State and is therefore subject to the State's regulation."[7] "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'"[8] Courts in the Ninth Circuit apply a three-prong test to determine whether specific jurisdiction over a defendant exists: (1) the defendant "must have performed some act or consummated some

---

[3] *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Because Nevada's long-arm statute grants courts jurisdiction over persons "on any basis not inconsistent with" the U.S. Constitution, the jurisdictional analyses under state law and federal due process are identical. *See id.*; Nev. Rev. Stat. § 14.065.

[4] *Walden*, 571 U.S. at 283 (ellipses omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[5] *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

[6] ECF No. 31 at 4 n.1.

[7] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[8] *Id.* (internal citations and quotations omitted).

transaction with the forum by which it purposefully availed itself of the privilege of conducting business" in the forum state; (2) the plaintiff's claims "must arise out of or result from [those] forum-related activities; and (3) the exercise of jurisdiction must be reasonable."[9]

When a defendant moves to dismiss for lack of personal jurisdiction on the basis of written materials rather than an evidentiary hearing, the court must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction."[10] The plaintiff bears the burden of satisfying the first two prongs of the specific-jurisdiction test.[11] In deciding whether a plaintiff has met her burden, the court must accept as true the uncontroverted allegations in her complaint.[12] "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."[13] If the plaintiff meets her burden, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable."[14]

### I. Purposeful availment

The term "purposeful availment" describes two distinct analyses: purposeful availment and purposeful direction.[15] Shoei applies a purposeful-direction analysis[16] while Cooper applies a purposeful-availment analysis.[17] I previously applied a purposeful-availment analysis in

---

[9] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

[10] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

[11] *Id.* at 802.

[12] *Id.* at 800 (quotations omitted).

[13] *Id.*

[14] *Id.* at 802 (quotations omitted).

[15] *Id.*

[16] ECF No. 30 at 10.

[17] ECF No. 31 at 6-7.

deciding SSHC's motion to dismiss,[18] and I do the same here. Under this analysis, a defendant does not purposefully avail itself of the privilege of doing business in a forum state by merely placing products into the stream of commerce.[19] Rather, the plaintiff must point to "[a]dditional conduct" that "may indicate [the defendant's] intent or purpose to serve the market in the forum state . . . ."[20]

It is undisputed that Shoei inserts helmets into the stream of commerce by manufacturing them in Japan and delivering them in Japan to three distributors responsible for sales to retailers in the United States and Canada.[21] Cooper points to the "dealer locator" on Shoei's website as evidence of an intent to serve Nevada.[22] When a user searches for Las Vegas on Shoei's website, a list of 13 dealers is displayed.[23] After clicking on one of the 13 local dealers, the name, address, business hours, and telephone number of that dealer appears.[24] So Cooper has made a prima facie showing that Shoei inserted the helmets into the stream of commerce and intended to serve the forum state.

Shoei claims that it has not purposefully availed itself of the forum state because its declaration listing—in detail—all of the activities it *does not* perform in Nevada is uncontroverted.[25] But Cooper's declaration describing the website contradicts Shoei's

---

[18] ECF No. 26 at 3-4. I incorporate my analysis in that order herein.

[19] *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).

[20] *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987); *see also Holland Am. Line Inc.*, 485 F.3d at 459.

[21] ECF No. 30-1 at ¶¶ 6, 9–10.

[22] ECF No. 31 at 9–15.

[23] *Id.* at 2–3 ¶¶ 5–7 (Morton declaration).

[24] *Id.* at 2 ¶ 6.

[25] ECF No. 33 at 7–8.

4

declaration, and I must resolve conflicts between the parties' affidavits in the plaintiff's favor. Shoei also points to the Ninth Circuit's holding in *Holland America Line Inc. v. Wartsila North America, Inc*. that the defendant's passive website did not subject it to jurisdiction here.[26] But that decision is distinguishable because the defendant in *Holland America* did not put any products into the stream of commerce, and its website did not reference the forum state.[27] Because Shoei inserted the helmets into the stream of commerce and demonstrated an intent to serve Nevada on its website, Shoei has purposefully availed itself of the privilege of conducting business in Nevada.

## II. Reasonableness and relations between contacts and claims

Shoei does not contend that the exercise of personal jurisdiction over it would be unreasonable or that its contacts with Nevada are unrelated to Cooper's claims. Cooper declares that her late husband purchased the helmet worn in the underlying incident by using the "locate a dealer" feature on Shoei's website.[28] Cooper has thus made a prima facie case that her claim arises out of Shoei's contacts with Nevada. And because Shoei does not argue reasonableness, it has not made a "compelling case" that exercise of jurisdiction over it would not be reasonable.

## Conclusion

IT IS THEREFORE ORDERED that Shoei's motion to dismiss for lack of personal jurisdiction **[ECF No. 30] is DENIED**.

---

[26] *Id.* at 6 (citing *Holland Am. Line,* 485 F.3d at 460).
[27] *Holland Am. Line,* 485 F.3d at 459–60.
[28] ECF No. 31-2 at ¶ 3.

5

IT IS FURTHER ORDERED that Shoei Company, Ltd. has until April 6, 2020, to file its answer, and the parties' initial disclosures are due by April 9, 2020.  *See* ECF No. 42.

Dated: March 25, 2020

_____
U.S. District Judge Jennifer A. Dorsey